### No. 9361.
### Orleans Appeal.

## SUCCESSION OF OCTAVIA HARRISS.

(April 27, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 94.**
In a suit involving the legitimacy of children, an appeal to this court from a judgment founded on such an issue is erroneous. A motion to dismiss the appeal on this ground will be maintained, only to the extent of transferring the appeal to the Supreme Court having exclusive appellate jurisdiction thereof, under Sec. 10, Art. VII, Constitution of 1921.

Appeal from the Civil District Court for the Parish of Orleans, Div. "B", Hon. M. M. Boatner, Judge.

Appeal transferred to the Supreme Court.

Stamps Farrar, attorney for petition of Lucy Kibby Badger, plaintiff and appellee.

Charles J. Mundy, attorney for exceptor, defendant and appellant.

BELL, J. On February 28, 1923, Louisa Kibby-Jones filed her petition in the Civil District Court for the Parish of Orleans, praying to be recognized as the sole legal heir-at-law of her sister, Octavia Harriss, deceased, and, as such, placed in possession of decedent's entire estate.

The inventory taken pursuant to the Court's order, shows the assets of this Succession to have been the sum of $1,704.81.

On March 8, 1923, a judgment was signed, decreeing the said petitioner, Louisa Kibby-Jones, to be the sole legal heir of her sister, Octavia Harriss, deceased, and sending her into possession of decedent's entire estate.

On March 12, 1923, one Caswell P. Ellis, Jr., filed a third opposition, claiming to be a creditor of this Succession in the sum of $354.30, and praying for a rule to show cause why security should not be furnished for said claim, and that, in the alternative, an administrator be appointed.

Thereafter, on March 22, 1923, a petition was filed by one Lucy Kibby, wife of Louis Badger, praying that she be appointed as administratrix of the Succession of Octavia Harriss, and alleging that she was a legal child of Harvey Alonzo Kibby, a deceased brother of the decedent, and, also, that another child of Harvey Alonzo Kibby, Jeannetta Stone, was also a legal heir, and they claimed an undivided one-fourth each of decedent's estate.

Respondent answered, first, by exception that the petition did not show on its face a right or a cause of action.

Reserving all her rights under said exceptions, respondent answered, alleging that Harvey Alonzo Kibby had never been married; that he had lived with a number of women at different times, and that by two of them he had had children; that Lucy Kibby-Badger was a bastard child of Kibby's by a woman named Mathilda and that Jeannetta Stone was also a bastard

child by another woman; that at the time Kibby lived with Mathilda (mother of Lucy Badger) he at the same time lived with another woman named Mary and in the same house, both women going by the name of Kibby.

On April 30, 1923, the District Judge gave judgment for the plaintiff, Lucy Kibby-Badger, by setting aside the judgment of March 8, 1923, by which Louisa Kibby-Jones had been put in possession; the later judgment decreeing Lucy Kibby-Badger to be a legal child of Kibby and appointing her as administratrix of decedent's estate.

From this judgment, Louisa Kibby-Jones prosecutes this appeal.

In the motion for suspensive and devolutive appeal taken from the aforesaid judgment of April 30, 1923, appellant sets forth as grounds for the appeal that the judgment is erroneous in this, to-wit:

1st. That the plaintiff, Lucy Kibby-Badger, failed to prove on the trial of this case, that a marriage, either slave, or otherwise, had ever been performed between her alleged mother and her alleged father, Harvey Alonzo Kibby.

2nd. That she utterly failed to prove at said trial that she was a legitimate child of her father, Harvey Alonzo Kibby, and that, as such she was entitled to be classed as a legal heir to any part of this Estate.

3rd. That the Court erred in holding, on the strength of the meagre evidence produced in her behalf, and in the face of strong evidence to the contrary, that the said Lucy Kibby-Badger, was a legitimate child of Harvey Alonzo Kibby, and, as such, entitled to share in the distribution of her alleged aunt, Octavia Harriss, deceased.

On the 1st day of April, 1925, Lucy Kibby-Badger, appellee herein, moved in this court for dismissal of the appeal in that the same involved the legitimacy of children, and hence a subject not within the jurisdiction of this court, but only of the Supreme Court of Louisiana, under Sec. 10, Art. VII of the Constitution of 1921.

This court is bound to take cognizance of its want of jurisdiction. (Lichtenstein vs. New Orleans Ry. & L. Co., 9027 Or. App.)

Considering the record disclosures, as above noted, we are of opinion that we have no jurisdiction to pass on the issues involved in this appeal. However, the appeal should not be dismissed, but the case should be transferred to the Supreme Court.

It is, therefore, ordered that this case be transferred to the Supreme Court of Louisiana, and that the record herein be filed in said court within fifteen (15) days from the time that the decree herein shall become final, the costs of appeal to this Court to be paid by the appellant.